IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SEALED, | ) ) ) | |
| v. | ) ) | No. 1:21-gj-00048 (BAH) (SEALED) |
| SEALED. | ) ) ) | |

**APPLICANT:**   Giorgi Rtskhiladze
                 32 Old Bethel Road
                 Newtown, CT 06470

**RELATED CASE:**   *Rtskhiladze v. Mueller, et al.*, No. 1:20-cv-1591 (CRC)

## APPLICATION OF GIORGI RTSKHILADZE FOR ACCESS TO HIS GRAND JURY TRANSCRIPT IN THE INVESTIGATION INTO RUSSIAN INTERFERENCE IN THE 2016 PRESIDENTIAL ELECTION

In 2018, Applicant Giorgi Rtskhiladze testified for seven hours before the grand jury investigating Russian interference in the 2016 presidential election. Pursuant to Fed. R. Crim. P. 6(e)(3)(E), Applicant respectfully requests access to the transcript of his grand jury testimony as well as all written answers provided to the special prosecutors. More than a year ago, on August 12, 2020, soon after the related civil action was filed, Applicant requested—but did not receive—access to this information from the Department of Justice.

This request is based upon Applicant's above-referenced civil action asserting defamation and violation of the Privacy Act against Special Counsel Mueller and the Department of Justice. Footnote 112, Volume II, of the Report on the Investigation into Russian Interference in the 2016 Presidential Election wrongfully states that he is a "Russian businessman" and implies that he took active steps to suppress the so-called golden-rain tapes mentioned in the unverified Steele Dossier of Donald J. Trump when as a private citizen he traveled to Russia in connection with the Miss Universe pageant. Footnote 112 created a worldwide media feeding frenzy that

promptly ended Applicant's successful twenty-year career fostering close ties between the United States, his native country Georgia, and other former Soviet satellite countries.

On September 1, 2021, the district court dismissed this action at the initial pleading stage concluding that Applicant failed to plausibly plead that the special prosecutors "intentionally or willfully" defamed him in Footnote 112: "… Rtskhiladze has not plausibly alleged that anyone involved with Footnote 112 acted with the requisite state of mind to intentionally deprive him of his rights under the Privacy Act."  Mem. Ord. at 28 (ECF CM Doc. No. 32).  Had the court not erred in dismissing his suit, transcripts of his grand jury testimony would have been produced under a protective order and would have demonstrated plainly the intentional and willful misconduct of the drafters of Footnote 112.

Although Applicant's opportunity to conduct discovery has been prematurely obstructed, he plans to appeal the judgment and under D.C. Circuit caselaw, a grand jury witness is entitled to review their grand jury testimony and written answers to questions provided to the prosecutors outside of the grand jury room.  *In re Grand Jury*, 490 F.3d 978 (D.C. Cir. 2007).  Plaintiff believes that the transcript of his testimony will demonstrate that he unequivocally and emphatically informed special prosecutor Jeannie Rhee, other prosecutors in the grand jury room, and the grand jury itself that her strident characterization of his nationality as Russian and a "Russian businessman" was incorrect.

This mischaracterization was not inadvertent.  During over eight hours of questioning the day before his grand jury testimony, Applicant answered questions from prosecutor Rhee about his nationality in which he informed her bluntly that he was a citizen of the United States and Georgia and had resided in the United States since the early 1990s.  He emphasized this fact because such characterizations not only would be inaccurate and misleading but would paint him

as some sort of nefarious Russian actor in the eyes of those with whom he does business and the public in general. And that is exactly what happened. Applicant's appeals were ignored.

Footnote 112 also directly tied Applicant to the alleged Trump tapes to which prosecutor Rhee and other members of the Mueller team knew from hours of questioning he had no connection. *See* Declaration of Giorgi Rtskhiladze (attached). Applicant believes the transcript of his grand jury testimony and written answers to questions from the prosecutors will show unequivocally that Applicant had no personal knowledge of the existence of the purported tapes and that the only information he possessed came from a conversation with a friend who overheard someone discussing the rumored tapes at a nearby dining table, as he repeatedly told the prosecutors.

Granting Applicant access to review his own grand jury testimony is not discretionary: "The Government has little good reason to prevent witnesses from reviewing their transcripts. Weighing the interests of witnesses and the Government, we therefore hold that the grand jury witnesses are entitled under Fed.R.Crim.P. 6(e)(3)(E)(i) to review transcripts of their own grand jury testimony in private at the U.S. Attorney's Office or a place agreed to by the parties or designated by the district court." *In re Grand Jury*, 490 F.3d at 990.

To be sure, this Application is filed in connection with Applicant's right to appeal this dismissal of his civil action. The notice of appeal was filed on October 28, 2021 and notice of this Application has been filed in his district court action. After he has reviewed the transcript of his grand jury testimony and other writings he provided to the special prosecutors, Applicant intends to submit an affidavit under seal in his district court suit and ask that it be made part of the record on appeal.

The intentional and willful defamation in Footnote 112 has destroyed Applicant's career and materially harmed his wellbeing and that of his young family that has long resided in Newtown, CT. Through this civil action he is pursuing the only avenue available to him to restore his good name and business reputation that was bludgeoned by release of Footnote 112 of the Mueller Report.

Applicant, therefore, respectfully requests that this Application be granted and that the Department of Justice be directed to produce for review by him and undersigned counsel (at a time and place mutually agreeable) his grand jury transcript and all written answers to questions and requests for clarification provided by him to the special prosecutors.

Respectfully submitted,

/s/ *Jerome A. Madden*
Jerome A. Madden
THE MADDEN LAW GROUP PLLC
1455 Pennsylvania Ave., NW, Suite 400
Washington, DC 20004
(202) 349-9836 (Office)
(703) 444-3567 (Direct)
JMadden@TheMaddenLawGroup.com
District of Columbia Bar No. 272260
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

On November 2, 2021, I, Jerome A. Madden, using the CM ECF system provided a true and accurate copy of this Application to counsel for the Defendants in the related civil action:

Rebecca Cutri-Kohart
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530

David W. Inkeles
Trial Attorney
U.S Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044

/s/ *Jerome A. Madden*
Jerome A. Madden