UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRAND JURY PROCEEDINGS, *et. al.*

Case No. 21-gj-00048-BAH

**UNDER SEAL**

### GOVERNMENT COUNSEL'S MOTION FOR ACCESS TO GRAND JURY MATERIALS PURSUANT TO FEDERAL CRIMINAL RULE 6(e)(3)(E)(i)

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), undersigned counsel hereby moves this court to authorize certain Department of Justice Civil Division attorneys access to the grand jury materials identified in the Application of Giorgi Rtskhiladze for Access to His Grant Jury Transcript in the Investigation into Russian Interference in the 2016 Presidential Election ("Application"). *See* ECF No. __ (Nov. 2, 2021).

1. Petitioner Giorgi Rtskhiladze seeks to review "his grand jury transcript and all written answers to questions and requests for clarification provided by him to the special prosecutors." *See* Application at 4. This Court ordered that the government respond to the application by November 15, 2021. *See* Minute Order (Oct. 28, 2021).

2. To respond to the Court's Order and provide the Department's views, Department of Justice Civil Division counsel assigned to Rtskhiladze's application require access to the grand jury materials at issue. Only by examining the materials can the Department determine whether the information reflects matters before the grand jury that are subject to Fed. R. Cr. P. 6(e), or whether they may be appropriate for unsealing.

3. Rtskhiladze also states that he "intends to submit an affidavit under seal in his district court suit and ask that [the grand jury materials] be made part of the record on appeal." Application at 3 (referencing his underlying civil suit, *Rtskhiladze v. Mueller, et al.,* No. 1:20-cv-1591-CRC (D.D.C.))

4. If Rtskhiladze is permitted to view his transcript, Civil Division attorneys assigned to *Rtskhiladze v. Mueller* and the pending appeal require access to the transcript to prepare any response

1

to Rtskhiladze's proposal admit the grand jury materials into the now-closed district court records or use them in his appeal.

      5.      On its face, Federal Rule of Criminal Procedure 6(e)(3)(A)(i) would seem to permit Department of Justice attorneys automatic access to grand jury materials when needed to conduct the Department's business. See FRCP 6(e)(3)(A)(i) (providing automatic access to "an attorney for the government for use in performing that attorney's duty."); FRCP 1(b)(1)(A) (defining "attorney for the government" to include the "Attorney General and "an authorized assistant of the Attorney General."). The Supreme Court, however, has held that automatic access is limited to those attorneys who conduct the criminal matter to which the materials pertain. *See United States v. Sells Engineering, Inc., et al*, 463 U.S. 418, 427 (1983). Accordingly, Civil Division attorneys must generally obtain a court order in accordance with Rule 6(e)(3)(E)(i), after demonstrating a particularized need to see the material at issue. *Id.* at 444.

      6.      As described in paragraph 2, counsel responding to this Application require access to any grand jury materials sought by Rtskhiladze in order to respond to the petition on behalf of the Department. Additionally, as described in paragraph 4, trial and appellate counsel representing the Department in the underlying litigation, *Rtskhiladze v. Mueller*, require access to the grand jury materials sought by Rtskhiladze to respond in that suit. Unlike the situation in *Sells Engineering*, Civil Division access is not being requested in order to bring a civil action. To the contrary, the Civil Division's interest in the grand jury materials is as counsel in this case for the Department, which is charged with protecting the secrecy of grand jury information; and as counsel in *Rtskhiladze v. Mueller*, to protect the interests of the Government as a defendant in a civil suit.

For the foregoing reasons, the Court should grant this motion and permit necessary Civil Division counsel responding to this Application access to the described grand jury materials. If the Court grants Rtskhiladze's pending Application, the Court should also grant any counsel in *Rtskhiladze v. Mueller* access to the grand jury materials as well. Undersigned counsel contacted counsel for petitioner via email, who does not oppose the motion. A proposed order is attached.

| | |
|---|---|
| Dated: November 9, 2021 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br>Civil Division |
| | ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br>Federal Programs Branch |
| | BRIGHAM J. BOWEN<br>Assistant Branch Director<br>Federal Programs Branch |
| | */s/ Rebecca Cutri-Kohart*<br>REBECCA CUTRI-KOHART<br>D.C. Bar No. 1049030<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W. Washington, D.C. 20530<br>Telephone: (202) 514-0265<br>Facsimile: (202) 616-8460<br>E-mail: rebecca.cutri-kohart@usdoj.gov |
| | *Counsel for the United States* |