**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GRAND JURY PROCEEDINGS, *et. al.*

Case No. 21-gj-00048-BAH

**UNDER SEAL**

**DEPARTMENT OF JUSTICE'S RESPONSE TO THE
APPLICATION OF GIORGI RTSKHILADZE FOR
ACCESS TO HIS GRAND JURY TRANSCRIPT**

**INTRODUCTION**

Applicant Giorgi Rtskhiladze petitions the Court to access to his "grand jury transcript and all written answers to questions and requests for clarification provided by him to the special prosecutors." Application of Giorgi Rtskhiladze for Access to His Grant Jury Transcript in the Investigation into Russian Interference in the 2016 Presidential Election (Application) at 4 (Nov. 2, 2021). The Court ordered the Government to submit a response to the Application. *See* Minute Order (Oct. 28, 2021). Later, the Court the granted in part Government counsel's petition to review the requested materials and granted an extension of time for the Government to respond to the Application. *See* Minute Order (Nov. 10, 2021).

Rtskhiladze is a plaintiff in a separate civil suit in which he contests a footnote in the Special Counsel's Report on the Investigation into Russian Interference in the 2016 Presidential Election. *See Rtskhiladze v. Mueller*, No. 20-cv-1591-CRC (D.D.C., docketed Jun. 17, 2020). In that suit, Rtskhiladze brought three causes of action against the Department of Justice under the Administrative Procedure Act and the Privacy Act; and one cause of action against Robert Mueller in his official capacity as the Special Counsel for violation of due process. *See Rtskhiladze v. Mueller*, No. 20-cv-1591-CRC, 2021 WL 3912157, at *4 (D.D.C. Sept. 1, 2021). The district judge granted both defendants' motions to dismiss. *Id.* at *15. Rtskhiladze has appealed the final judgment. *See Rtskhiladze v. Mueller*, No. 21-5243 (D.C. Cir., docketed Oct. 29, 2021). In conjunction with Rtskhiladze's pending appeal, he petitions to be permitted to review, with his counsel, his grand jury materials "at a time and place mutually agreeable" to the parties. Application at 4.

The Government does not oppose Rtskhiladze and his counsel reviewing the transcript of his May 11, 2018 testimony and the exhibits used during the testimony at a Department of Justice conference room at a date and time mutually agreeable to the parties.[1] As for Rtskhiladze's petition

---

[1] Rtskhiladze states that he "intends to submit an affidavit under seal in his district court suit and ask that it be made part of the record on appeal." Application at 3. No such request is pending, and Rtskhiladze's current petition does not ask for a copy of the grand jury transcript to use as an exhibit. Although not ripe here, the Government may later challenge any attempt to include this material in civil litigation or appeal.

to review "all written answers to questions and requests for clarification provided by him to the special prosecutors," Application at 4, the Court should reject this part of the Application because any such written questions are not material subject to Rule 6(e), would be in Rtskhiladze's own possession, and are not subject to grand jury secrecy.  Thus, this part of the Application amounts to nothing more than an improper attempt at discovery.  The Government also requests that, if the Court grants Rtskhiladze's petition, it also grant access to the same grand jury materials to the Department of Justice Civil Division attorneys assigned to Rtskhiladze's civil matter.  *See* Government Counsel's Motion for Access to Grand Jury Materials Pursuant to Federal Criminal Rule 6(e)(3)(E)(i) (Nov. 9, 2021); Minute Order (Nov. 10, 2021) (denying in part the Government's request as "premature").

## ANALYSIS

### The Government Does Not Oppose Providing Rtskhiladze Access to His Own Grand Jury Testimony.

Federal Rule of Criminal Procedure 6(e) "codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983).  Rule 6(e) prohibits all non-witness participants in a grand jury proceeding from disclosing any "matter occurring before the grand jury," "[u]nless these rules provide otherwise."  Fed. R. Crim. P. 6(e)(2)(B).  Here, Rtskhiladze petitions for an exception to grand jury secrecy under Rule 6(e)(3)(E)(i), which provides that a district court may order a disclosure "preliminarily to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(E)(i); *see Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 225 (1979) ("[T]he court that supervised the grand jury . . . is the only court with control over the transcripts.").  With an appeal pending, Rtskhiladze meets the prerequisite of seeking this exception in connection with a judicial proceeding.  *See United States v. Baggot*, 463 U.S. 476, 480 (1983) (the "focus" of this exception is "on the actual use to be made of the material" such as "to prepare for or conduct litigation").

*First*, with respect to Rtskhiladze's access to his grand jury testimony, the Government is not opposed to providing Rtskhiladze and his counsel an opportunity to review the testimony and accompanying exhibits in a Department of Justice conference room at a date and time mutually

agreeable between the parties. Government counsel has reviewed Rtskhiladze's grand jury testimony. Rtskhiladze testified before the grand jury on May 11, 2018, and a number of exhibits were used in conjunction with the testimony.

When deciding whether to permit access to grand jury materials, the Court "must weigh the competing interests of the Government and grand jury witnesses." *In re Grand Jury*, 490 F.3d 978, 987 (D.C. Cir. 2007). "[G]rand jury witnesses have a strong interest in reviewing the transcripts of their own grand jury testimony." *Id.* at 990. Rtskhiladze claims that he needs the transcripts to support his allegations and demonstrate the special prosecutors' "intentional and willful misconduct" in drafting the footnote.[2] Application at 2. Usually, a party seeking grant jury materials must demonstrate a "particularized need" which typically "arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.'" *Douglas Oil*, 441 U.S. at 222 n.12 (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958)); *cf. Doe v. Cabrera*, 126 F. Supp. 3d 160, 163 (D.D.C. 2015) (collecting cases in which access to grand jury materials has been requested). Though proving the state of mind of a special prosecutor is an atypical reason for a grand jury witness to request his or her testimony, a showing of particularized need is generally not applicable "in [the] *first party* context" when a witness requests access to his own testimony. *In re Grand Jury*, 490 F.3d at 989 (emphasis in original).

On the "other side of the ledger" is the Government's interest in grand jury secrecy. *Id.* at 987. The D.C. Circuit has held that usually "the secrecy rationale does not apply when a witness seeks access to a transcript of his or her own grand jury testimony." *Id.* at 988. And the transcript

---

[2] It is unlikely that the transcript will disturb the district court's reasoning. As the court held, "Rtskhiladze's entire claim of willfulness rests on the argument that the material in Footnote 112 was so nakedly defamatory that it could only have been included intentionally or willfully. That inference is not plausible . . . ." *Rtskhiladze*, 2021 WL 3912157, at *7. "The only clear factual errors uniquely present in the text of Footnote 112—the misidentification of Rtskhiladze as 'Russian' rather than Georgian, and the omission of the word 'some' before 'tapes' in the quoted texts between Rtskhiladze and Cohen—are similarly not plausibly chalked up to intentional malfeasance on behalf of DOJ or Special Counsel Mueller's team. The much more obvious explanation is a mere drafting error. And, as the Court has already explained, these specific errors would not plausibly result in the claimed harm." *Id.* at *14.

and exhibits do not reveal any testimony from a third party or, more generally, grand jury deliberations, which could counsel in favor of the need for continued secrecy. These competing interests weigh in favor of Rtskhiladze being able to review his own testimony before the grand jury.

*Second*, with respect to the Rtskhiladze's application to access "all written answers to questions and requests for clarification provided by [Rtskhiladze] to the special prosecutors," Application at 4, the Court should reject this petition. This correspondence does not appear to have been presented to the grand jury. Because it was not used as part of the grand jury proceedings, this Court lacks jurisdiction to grant this part of the petition.[3] *See generally Fund for Const. Gov't v. Nat'l Archives & Recs. Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981) (describing grand jury materials covered by Rule 6(e)). In any event, Rtskhiladze is best positioned to access written answers that he authored and correspondence which he received from the special prosecutors because the material should be in his own possession. And, even if this material were subject to Rule 6(e), the witness himself is not bound by grand jury secrecy. *See* Fed. R. Crim. P. 6(e)(2)(B). Thus, this portion of the Application amounts to nothing more than an improper attempt at discovery. *See* Application at 2 (alleging his "opportunity to conduct discovery has been prematurely obstructed"); Fed. R. Civ. P. 26(d) (governing the timing of discovery). Accordingly, the Court should deny Rtskhiladze's request to circumvent another court's jurisdiction over discovery matters in order to employ this Court's jurisdiction over grand jury materials to conduct unauthorized discovery.

## CONCLUSION

For these reasons, the Court should grant Rtskhiladze's petition to review his grand jury transcripts and exhibits thereto, with counsel, in a Department of Justice conference room at a time mutually agreed to by the parties. Likewise, the Government also respectfully requests that the Court grant access to the same grand jury materials to the Civil Division attorneys assigned to Rtskhiladze's civil matter. Lastly, the Court should reject Rtskhiladze's petition to access to "all

---

[3] Government counsel was unable to review these documents without a more specific description. The date, the recipient, or the sender would be needed to efficiently search the voluminous records of the Special Counsel.

written answers to questions and requests for clarification provided to him by special prosecutors."

Dated: November 24, 2021                     Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW Washington, DC 20005
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
E-mail: rebecca.m.kopplin@usdoj.gov

*Counsel for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing response was served on counsel for Plaintiff, Jerry Madden, by email on November 24, 2021.

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN