IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SEALED, | ) | |
| | ) | |
| v. | ) | No. 1:21-gj-00048 (BAH) (SEALED) |
| | ) | |
| SEALED. | ) | |
| | ) | |

**APPLICANT:**   Giorgi Rtskhiladze
32 Old Bethel Road
Newtown, CT 06470

**RELATED CASE:**   *Rtskhiladze v. Mueller, et al.*, No. 1:20-cv-1591 (CRC)

### REPLY OF GIORGI RTSKHILADZE TO THE RESPONSE OF THE UNITED STATES TO HIS MOTION TO TAKE NOTES DURING THE REVIEW OF THE TRANSCRIPT OF HIS GRAND JURY TESTIMONY

The balance of interest between the Applicant's right under *In re Grand Jury*, 490 F.3d 978, 990 (D.C. Cir. 2007) to a meaningful review of his grand jury transcript and the interest in the secrecy of grand jury transcripts falls in favor of permitting the Applicant to take notes. There is no possibility of witness intimidation or the contamination of the testimony of other witnesses under these circumstances and, as the court of appeals stated in *In re Grand Jury,* nothing precludes a witness from standing on the courthouse steps and telling the world precisely what he was asked and what the witness answered.  The applicant could do so here whether he and his counsel are permitted to take notes or not.  Although that is something neither the Applicant nor undersigned counsel intends to do, what the Applicant does intend to do is to draft a declaration to be filed under seal in the district court case thereby placing in the record the error in prematurely dismissing Applicant's civil action.  Finally, regarding footnote two of the Government's response, with all due respect, Government counsel is not the counsel of record in the civil action and therefore has little if any familiarity with the briefing of the parties in

connection with the motions to dismiss.  The district court failed to consider that defamation by implication is actionable and further ignored the detailed allegations in the Amended Complaint about the media's feeding frenzy immediately after Footnote 112 was made public and the correlation with the abrupt end of Applicant's career.  What is more, the court failed to look behind the Amended Complaint, as it is entitled to do in connection with assessing whether it has subject matter jurisdiction, to see for itself how the media read Footnote 112.  Whether ultimately the defamation was "intentional or willful" within the meaning of the Privacy Act depends not only upon what the transcript may reveal but what the Applicant's material responses to special counsel emails show about the issue of intent or willfulness; leaving to the side what other relevant evidence may be developed in discovery.

*To add a greater degree of control over notes taken during the review, the undersigned counsel will maintain control of them and will destroy them after the declaration is completed.*

For these reasons and those in the Motion, the Motion should be granted.

                                                        Respectfully submitted,

/s/ *Jerome A. Madden*
Jerome A. Madden
THE MADDEN LAW GROUP PLLC
1455 Pennsylvania Ave., NW, Suite 400
Washington, DC 20004
(202) 349-9836 (Office)
(703) 444-3567 (Direct)
JMadden@TheMaddenLawGroup.com
District of Columbia Bar No. 272260
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

On December 17, 2021, I, Jerome A. Madden, using the procedure for this proceeding provided a true and accurate copy of this Reply upon counsel for the United States:

Rebecca M. Kopplin
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530

/s/ *Jerome A. Madden*
Jerome A. Madden