**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| *IN RE* GRAND JURY PROCEEDINGS | Grand Jury Action No. 21-48 (BAH)<br>Chief Judge Beryl A. Howell<br><br>**FILED UNDER SEAL** |

**MEMORANDUM AND ORDER**

Pending before this Court is petitioner Giorgi Rtskhiladze's Motion for Permission to

Take Notes During the Review of the Transcript of His Grand Jury Testimony ("Pet'r's Mot.

Take Notes"), ECF No. 8.  This request is granted, with conditions designed to prevent broader

distribution of grand jury materials.

"[G]rand jury witnesses are entitled to review the transcripts of their own testimony in

private . . . ."  *In re Grand Jury*, 490 F.3d 978, 980 (D.C. Cir. 2007) (per curiam).  Additional

accommodations, including allowing counsel to accompany the reviewing witness and

permitting the reviewing witness or counsel to take notes during such review, are "le[ft] to the

sound discretion of the district court."  *Id.* at 990.  Such determinations must be guided by

"weigh[ing] the competing interests of the [g]overnment and grand jury witnesses."  *Id.* at 987.

A petitioner seeking any form of access to a transcript of his own testimony need not meet the

"more exacting 'particularized need' standard" applicable to third-party requests.  *See In re*

*Grand Jury Investigation*, No. 18-gj-8 (BAH), slip op. at 14 (D.D.C. Oct. 30, 2019) ("*October*

*2019 GJ Decision*") (redacted version available at https://www.dcd.uscourts.gov/sites/dcd/files/

18gj008%20Redacted%20Memorandum%20Opinion.pdf) (quoting *In re Grand Jury*, 490 F.3d

at 987).  This Court has already exercised its discretion to authorize, without government

objection, that petitioner's counsel may accompany petitioner during the review of his grand jury

1

transcript, Min. Order (Dec. 9, 2021), and now petitioner's pending motion requests only the incremental accommodation of permitting notetaking.

The balancing of interests in this case weighs in favor of granting petitioner's request. Petitioner contemplates preparing an affidavit in support of an appeal from a district court decision in a related civil matter, *Rtskhiladze v. Mueller*, No. 20-cv-1591 (CRC), 2021 WL 3912157 (D.D.C. Sept. 1, 2021), *appeal docketed*, No. 21-5243 (D.C. Cir. Oct. 29, 2021). Pet'r's Mot. Take Notes at 2. That civil case involves, *inter alia*, the question whether petitioner plausibly pleaded that "special prosecutors 'intentionally or willfully' defamed him in footnote 112, Vol. II, of the Report on the Investigation into Russian Interference in the 2016 Election" prepared by the office of Special Counsel Robert S. Mueller, III ("Mueller Report"). *Id.* at 1–2; *see also Rtskhiladze*, 2021 WL 3912157, at *4. Petitioner posits that "the transcript of his grand jury testimony . . . will show unequivocally" the inaccuracy of certain statements in footnote 112. Appl. at 3, ECF No. 2. Given that petitioner's testimony lasted "over five hours," Pet'r's Mot. Take Notes at 1, the transcript thereof is likely to be substantial in size and potentially exceed the ability of petitioner and his counsel to recall all facts (with citations) relevant to his contemplated affidavit. In a civil matter that is *itself* focused on the accuracy of representations, petitioner's interest in being able, in a court filing, to recite accurately and precisely the content and location of relevant testimony from the transcript is of paramount importance.

The government opposes allowing petitioner and his counsel to take notes during the review "[b]ecause notetaking would essentially permit Mr. Rtskhiladze to create his own copy of the transcript, and because this Court's order did not authorize" a copy. Gov't's Resp. at 1, ECF No. 9. To be sure, while theoretically possible that petitioner and his counsel could re-transcribe the entirety of the transcript, as a practical matter this result seems unlikely during a review

arranged for a finite period of time.  Furthermore, as the government notes, petitioner *could* move to be provided a copy of the transcript, and this Court may entertain such a request.  *Id.* at 2.  The existence of that option, however, militates *in favor* of petitioner's more modest request by highlighting that petitioner is seeking something less than a different accommodation he is also allowed to seek.

In at least one instance, this Court has previously granted the request of another grand jury witness, also involving the special counsel's investigation, for a copy of the transcript of the witness's own testimony before the grand jury.  *See generally October 2019 GJ Decision*.  In that case, this Court credited the detained petitioner's stated need for the transcript to aid in preparing his defense in a serious criminal matter that included charges, which purportedly relied on information derived from his grand jury testimony provided pursuant to a grant of immunity.  *Id.* at 1–3, 19–20.  The government's interests in preventing the issuance of a copy, meanwhile, were not deemed especially compelling.  First, "the government's normal interest in preserving grand-jury secrecy does not apply when dealing with a petition for disclosure concerning a grand jury witness's own testimony."  *Id.* at 14 (citing *In re Grand Jury*, 490 F.3d at 989).  Second, while recognizing the legitimacy of "the government's stated interest in preventing witness intimidation" implicated by a transcript copy being furnished as a matter of course, this Court noted the peculiar circumstances of the case that not only made the risk of such intimidation unlikely but also made highly unlikely that such permission would be extrapolated into a general "rule" of automatically providing copies of grand jury transcripts to grand jury witnesses.  *See id.* at 15–18.

The comparison to the *October 2019 GJ Decision* is instructive when considering the instant application.  Petitioner's interest in pursuing civil remedies is naturally less compelling

than the liberty interest of a petitioner facing federal criminal charges carrying a substantial

period of incarceration.  The accommodation sought here, however, is similar in kind but lesser

in magnitude, given that, realistically, notetaking by two persons for a finite time is functionally

equivalent to, at most, obtaining a copy of *excerpts* from a transcript.  The government's interests

in preventing note-taking, meanwhile, are not especially compelling for similar reasons as in the

earlier case.  First, as petitioner rightly notes, grand jury secrecy is of little relevance because "as

the court of appeals stated in *In re Grand Jury*, nothing precludes [him] from standing on the

courthouse steps and telling the world precisely what he was asked and what [he] answered.  The

petitioner could do so here whether he and his counsel are permitted to take notes or not."

Pet'r's Reply at 1, ECF No. 10 (paraphrasing *In re Grand Jury*, 490 F.3d at 989).  Indeed, the

whole purpose of petitioner's review of his grand jury transcript is to reveal accurately portions

thereof intended to be filed publicly in a civil case to dispute other information already publicly

disclosed in the Mueller Report.  Second, the government provides no analysis of its merely

generally stated witness intimidation concerns, *see* Gov't's Resp. at 2, as applied to the

circumstances of this case.  Nothing here suggests that witness intimidation is occurring or

likely, particularly given that an independent reason—the related civil matter—exists for

petitioner's interest in the transcript review.  Further, the specific use for which petitioner seeks

review, with notetaking permitted, of the transcript of his own grand jury testimony cannot be

characterized as so "routine" as to suggest that allowing petitioner to take notes in this case leads

to any kind of general presumption favoring furnishing grand jury transcript copies, or even

allowing note-taking, in other cases.  Indeed, granting petitioner's request "does not mean similar

[accommodations] will, would, should or must be granted to any and all petitioning grand-jury

witnesses in the future." *October 2019 GJ Decision*, slip op. at 17–18.

In sum, this Court finds that in the specific circumstances of this case, petitioner's

interests in being permitted to take notes during the review of his grand jury transcript outweigh

any government interest in prohibiting such note-taking.  The additional safeguards and

restrictions on use suggested in the parties' briefing, *see* Pet'r's Mot. Take Notes at 2; Gov't's

Resp. at 4; Pet'r's Reply at 2, further mitigate any risks posed by granting petitioner's request.

Accordingly, it is hereby

**ORDERED** that petitioner Giorgi Rtskhiladze's Motion for Permission to Take Notes

During the Review of the Transcript of His Grand Jury Testimony, ECF No. 8, is **GRANTED**; it

is further

**ORDERED** that petitioner and his counsel of record, Mr. Jerome A. Madden, shall be

permitted to take notes during the in-person review of petitioner's May 11, 2018 grand jury

testimony and accompanying exhibits as permitted by this Court's Minute Order issued

December 9, 2021; it is further

**ORDERED** that petitioner and his counsel shall refrain from disclosing such notes other

than to counsel working on the related civil matter, *Rtskhiladze v. Mueller*, No. 20-cv-1591

(CRC), 2021 WL 3912157 (D.D.C. Sept. 1, 2021), *appeal docketed*, No. 21-5243 (D.C. Cir. Oct.

29, 2021); it is further

**ORDERED** that petitioner's counsel of record shall retain custody of any notes taken

pursuant to this Order, whether taken by counsel or by petitioner, at all times; it is further

**ORDERED** that petitioner and his counsel shall destroy, upon the completion and filing

of the contemplated affidavit or declaration in *Rtskhiladze v. Mueller* (or, if none is filed, at the

close of that matter including the resolution of any appeals), all such notes and any copies or

derivative works other than the completed filing; and it is further

**ORDERED** that the parties shall submit jointly, by January 7, 2022, a statement of their respective positions as to whether this docket may be unsealed in its entirety and, if not, proposing any redactions to any docket entry along with an explanation for why such redaction is necessary.

**SO ORDERED.**

Date: December 29, 2021

_____
BERYL A. HOWELL
Chief Judge