**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **SEALED,** ) | |
| ) | |
| v. ) | **No. 1:21-gj-00048 (BAH) (SEALED)** |
| ) | |
| **SEALED.** ) | |
| _____ ) | |

**APPLICANT:**      **Giorgi Rtskhiladze**
                    **32 Old Bethel Road**
                    **Newtown, CT 06470**

**RELATED CASE:**   *Rtskhiladze v. Mueller, et al.*, No. 1:20-cv-1591 (CRC)

**PETITIONER'S MEMORANDUM IN SUPPORT OF THE**
**MOTION TO UNSEAL ALL RULE 60(b) MATERIALS**
**AND FOR PRODUCTION OF HIS GRAND JURY TRANSCRIPT**

Petitioner read the Court's Order of December 29, 2021 (Order) to have granted relief greater than what Petitioner requested, similar to the power of a district court *sua sponte* to grant full summary judgment even where the motion before the court is for partial summary judgment.[1]  That reading was incorrect and based upon an improvident reading of the Order by undersigned counsel.  Plaintiff has withdrawn his Motion for Clarification filed on January 21, 2022.

When the Petition was filed Petitioner and his counsel of course had not had the opportunity to review the transcript and, therefore, the initial request was more circumspect.

---

[1] *See Celotex v. Catrett*, 477 U.S. 317, 326 (1986) (stating that district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte* so long as the losing party was on notice that the nonmovant had come forward with all of their evidence); *Gatore v. U.S. Dept. of Homeland Security*, 327 F. Supp.3d 76, 89 (D.D.C. 2018).

With the benefit of guidance from the Court in the Order,[2] the review of Petitioner's grand jury transcript, and further reflection upon the policy considerations addressed in *In re Grand Jury*, 490 F.3d 978 (D.C. Cir. 2007), Petitioner now respectfully moves that all Rule 60(b) materials, including his Declaration, be unsealed and that the Government provide Petitioner with a copy of his transcript.

In *In re Grand Jury*, the Government offered two principal rationales for maintaining grand jury secrecy.  The first was that secrecy encourages witnesses to testify candidly.  The D.C. Circuit rejected this rationale: "Preventing a ***third party*** from reviewing a witness's grand jury testimony is essential to guarantee secrecy to witnesses; preventing ***the witness*** from reviewing the witness's own testimony is entirely unnecessary to guarantee secrecy to witnesses." *Id*. at 988 (Emphasis original).  The second rationale given by the Government was its concern about witness intimidation.  The D.C. Circuit also rejected this argument: "Grand jury witnesses are not substantially more likely to face pressure to divulge information about their grand jury testimony if they can review their transcript in private than if they have to recall their testimony from memory." *Id*. at 990.  Here, there is even less concern about the possibility that the publication of a witness's testimony would contaminate the testimony of witnesses yet to testify or the possibility of witness intimidation.  The Mueller grand jury completed its work in early 2019, almost three years ago.

The Government has known all along that nothing in *In re Grand Jury* supports keeping the Declaration or any of the Rule 60(b) materials sealed.[3]  Quite to the contrary, *In re Grand*

---

[2] The Order noted that "… petitioner could move to be provided a copy of the transcript, and this Court may entertain such a request."  Order at 4.

[3] Despite controlling caselaw from the D.C. Circuit, the Government persistently has sought to deprive Petitioner of access to his grand jury transcript, including (i) informing Petitioner that the Government was "considering" his August 2020 request but never responding further, (ii) only

*Jury* fully supports the release of information in the possession of the prosecutors related to

Footnote 112, Vol. II, of the Mueller Report:

> A grand jury witness is legally free to tell, for example, his or her attorney, family, associates, reporters, or bloggers what happened in the grand jury.  For that matter, the witness can stand on the courthouse steps and tell the public everything the witness was asked and answered.

*Id.* at 989.  Plainly, upon considering the balance of interests here, the Government should not be

permitted to (i) inflict massive professional and personal harm on Petitioner and then (ii) keep

secret evidence possessed by the prosecutors that would mitigate the damage done.

Footnote 112 received worldwide media attention.  It misquoted and edited the text

exchange between Petitioner and Michael Cohen, Donald Trump's attorney, and manipulated

other testimony to imply that Petitioner took active steps to suppress compromising tapes of then

Candidate Trump, thereby defaming Petitioner with catastrophic consequences for his

professional and personal life.  Sealing his grand jury testimony serves only to leave Footnote

112 unchallenged while muzzling Petitioner's attempts to rehabilitate his reputation and mitigate

the enormous harm visited upon him and his family.

For the foregoing reasons, Petitioner respectfully requests that his Declaration and

Memorandum in Support of the Rule 60(b) Motion be unsealed and that he be provided with a

copy of his grand jury transcript.

---

informing Petitioner when the request was renewed a year later that access requires an independent action before the Chief Judge, (iii) seeking to preclude Petitioner from taking notes during the review of the transcript, and (iv) now seeking to keep secret any references to his grand jury testimony in his Rule 60(b) Motion and in his Declaration.

Respectfully submitted,

Jerome A. Madden
THE MADDEN LAW GROUP PLLC
1455 Pennsylvania Ave., NW, Suite 400
Washington, DC 20004
(202) 349-9836
JMadden@TheMaddenLawGroup.com
Dated:  January 22, 2022          District of Columbia Bar No. 272260

## <u>CERTIFICATE OF SERVICE</u>

I, Jerome A. Madden, hereby certify that on January 22, 2022, I caused to be served using

the CM ECF system a copy of the foregoing Memorandum in Support of Motion to Unseal upon:

Rebecca M. Kopplin
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20005

David W. Inkeles
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044

*Jerome A. Madden*
Jerome A. Madden