UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY PROCEEDINGS | Grand Jury Action No. 21-48 (BAH)<br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is petitioner Giorgi Rtskhiladze's Motion to Unseal All Rule 60(b) Materials and for Production of His Grand Jury Transcript ("Pet'r's Mot."), ECF No. 17. Petitioner's request that the Court unseal materials in the related civil case, *Rtskhiladze v. Mueller*, No. 20-cv-1591 (CRC), has already been denied, as not properly directed to this Court. *See* Min. Order (Jan. 26, 2022). Awaiting disposition are: (1) petitioner's request for a copy of the transcript of his grand jury testimony, and (2) petitioner's implicit request, as construed by the Court, "for authorization to disclose this transcript, in whole or part, as an antecedent step for inclusion in a public Rule 60(b) filing in a civil case," *id.* (citation omitted). These requests are denied.

**I.    BACKGROUND**

On November 1, 2021, petitioner filed an application with the undersigned, as Chief Judge of this Court, for "access to the transcript of his grand jury testimony" before the grand jury previously empaneled in conjunction with the investigation led by Special Counsel Robert S. Mueller, III ("the Special Counsel"). Appl. at 1, ECF No. 2.[1] Petitioner indicated that he had filed a civil action "asserting defamation and violation of the Privacy Act against Special Counsel Mueller and the Department of Justice," alleging defamatory statements and

---

[1] Petitioner also requested access to "all written answers provided" by him to the Special Counsel's office. Appl. at 1. This request was denied, *see* Min. Order (Dec. 9, 2021), but is not germane to the instant motion.

1

implications about petitioner were included in footnote 112 of Volume II of the Report on the Investigation into Russian Interference in the 2016 Presidential Election, which footnote "created a worldwide media feeding frenzy," thus "destroy[ing] [his] career and materially harm[ing] his wellbeing." *Id.* at 1–2, 4.  That action was dismissed by another Judge on this Court, and petitioner filed an appeal to the D.C. Circuit.  *Rtskhiladze v. Mueller*, No. 20-cv-1591 (CRC), 2021 WL 3912157 (D.D.C. Sept. 1, 2021), *appeal filed*, No. 21-5243 (D.C. Cir. docketed Oct. 29, 2021).  Petitioner indicated to this Court that, after reviewing the transcript, he "intend[ed] to submit an affidavit under seal in his district court suit and ask that it be made part of the record on appeal." Appl. at 3.  Following briefing, petitioner's request was granted and the government directed to arrange for applicant and his counsel to have an opportunity to review such transcript in person.  Min. Order (Dec. 9, 2021) ("Access Order").  In its order granting the request, the Court expressly noted: "to be clear, this Order does *not* by itself authorize further disclosure (*e.g.*, for inclusion in filings to be made in the related civil matter) of the contents of the transcripts and exhibits at issue." *Id.* (emphasis in original).

      Petitioner subsequently returned with an additional motion seeking permission for petitioner and his counsel to take notes during the in-person review of petitioner's grand jury testimony, which permission the Department of Justice had withheld.  Mot. Permission Take Notes During Review Tr. Grand Jury Test. ("Mot. Take Notes") at 1, ECF No. 8.  In briefing, petitioner made several statements concerning the intended handling of the notes and other fruits of the transcript review, promising that: (1) "Applicant intends to submit an affidavit under seal," *id.* at 2; (2) "***Applicant understands the policy reasons surrounding the need to keep grand jury testimony out of the public domain and will destroy all notes taken during the review upon completion of Applicant's declaration***," *id.* at 2 (emphasis in original); (3) while petitioner

could "stand[] on the courthouse steps and tell[] the world" about his testimony, "neither [petitioner] nor [his] counsel intends to do" so, instead planning "to draft a declaration to be filed under seal," Pet'r's Reply Supp. Mot. Take Notes ("Pet'r's Notetaking Reply") at 1, ECF No. 10; and (4) "*To add a greater degree of control over notes taken during the review, the undersigned counsel will maintain control of them and will destroy them after the declaration is completed*," *id.* at 2 (emphasis in original).  On December 29, 2021, over the government's opposition, the Court granted petitioner's request, subject to certain conditions that echoed petitioner's promises: (1) "petitioner and his counsel shall refrain from disclosing such notes other than to counsel working on the related civil matter," (2) "petitioner's counsel of record shall retain custody of any notes taken pursuant to this Order, whether taken by counsel or by petitioner, at all times," and (3) "petitioner and his counsel shall destroy, upon the completion and filing of the contemplated affidavit or declaration, all such notes and any copies or derivative works other than the completed filing."  Mem. & Order ("Notetaking Order"), ECF No. 11, at 5.

On January 19, 2022, in the related dismissed civil case now on appeal, petitioner publicly filed a motion for relief from the judgment of dismissal as to one count of his complaint, under Federal Rule of Civil Procedure 60(b).  Pl.'s Mot. Under R. 60(b)(2) & (6) Relief Final J. ("Rule 60 Motion"), *Rtskhiladze*, No. 20-cv-1591, ECF No. 37 (sealed).  Attached to that motion was a sworn, eight-page declaration by petitioner including a recitation, "derived from notes taken by [himself] and [his] counsel during [the] review" of the transcript, *id.*, Att., Decl. Pl. Giorgi Rtskhiladze ("Rtskhiladze Decl.") ¶ 3, ECF No. 37-1 (sealed), of various exchanges from his testimony with transcript citations, some with exact quotes and some paraphrased.

The government moved in the *Rtskhiladze* civil matter, on January 20, 2022, to seal the Rule 60 Motion, including the Rtskhiladze Declaration, citing this Court's dispositive orders on

petitioner's two motions (for access to the transcript, and for permission to take notes during the review), arguing that this Court had not yet authorized public disclosure of any grand jury materials, and reiterating the government's understanding of petitioner's intent to make a sealed filing.  *See generally* Gov't's Mot. Seal Pl.'s Rule 60 Mot., *Rtskhiladze*, No. 20-cv-1591, ECF No. 38.  The government thus asked the presiding judge in that matter to "immediately seal Plaintiff's motion and its exhibits" pending direction from this Court as to whether public dissemination can be permitted.  *Id.* at 2–3.  The presiding judge granted the government's motion the same day and sealed the Rule 60 Motion.  Min. Order (Jan. 20, 2022), *Rtskhiladze*, No. 20-cv-1591.

The next day, petitioner returned to this Court with a request for "clarification" that there was no authority requiring that the Rule 60 Motion be sealed.  *See generally* Pet'r's Mot. Clarification of Propriety of Sealing Pet'r's Decl. Related to His Grand Jury Test. ("Pet'r's Mot. Clarification"), ECF No. 13.  The government responded, arguing that the Access Order expressly disallowed redisclosure of materials from the transcript review, including in filings in *Rtskhiladze*, and that the Notetaking Order not only did not supersede that disallowance but also imposed further restrictions on the handling of notes taken at the review.  Gov't's Resp. Pet'r's Mot. Clarification at 2–3, ECF No. 14.  The Court, within hours, issued a minute order "CLARIFYING that nothing in the Court's previous orders explicitly or implicitly granted permission to petitioner to disclose publicly material obtained from petitioner's review of his grand jury transcript."  Min. Order (Jan. 21, 2022) ("Clarification Order").

On January 22, 2022, instead of filing a motion that responded directly to the Clarification Order by seeking permission to disclose publicly the grand jury materials included

4

in the Rule 60 Motion, petitioner filed the instant motion, which is fully briefed and ripe for disposition.

## II.     DISCUSSION

Although the issues are intertwined to some degree, separate discussion is warranted for petitioner's request for a copy of the transcript and his implicit request for permission to disclose publicly parts or all of the grand jury transcript.

### A.     Transcript Copy

Petitioner's request for a copy of his transcript reflects a misunderstanding of binding case law and the analytic framework employed by this Court in evaluating a transcript request. Petitioner leans heavily on *In re Grand Jury*, 490 F.3d 978 (D.C. Cir. 2007), for the proposition that the "particularized need" standard does not apply "where the witness seeks access to the witness's own grand jury transcript," Pet'r's Reply Gov't's Opp'n Mot. Unseal & Unrestricted Production of His Grand Jury Tr. ("Pet'r's Reply") at 1. That is true but inapposite to the specific request here, as petitioner has already been provided "access" to his grand jury transcript.

*In re Grand Jury* expressly declined to reach the question of what showing, if any, is required for a requestor to receive a *copy* of the transcript of his own grand jury testimony. 490 F.3d at 990. Here, because petitioner has presented no clear argument—under a "particularized need" threshold, a balancing of interests test, or any other standard—as to *why* he should receive an unrestricted copy of the grand jury transcript, granting his request would in essence recognize an automatic entitlement to a transcript copy, and permission to redisclose the same, for any grand jury witness. Such a holding would amount to a considerable expansion of *In re Grand Jury*'s holding regarding only an entitlement of *access*, a change in law that the Court declines to

make, particularly on the thin record in this matter.  *See also United States v. John Doe, Inc. I*, 481 U.S. 102, 125–26 (1987) (Brennan, J., dissenting) (citing "the well settled rule that a witness is not entitled to a copy of his grand jury testimony on demand, even though he obviously was present in the grand jury room during the receipt of evidence, *since* a *rule of automatic access would expose grand jury witnesses to potential intimidation* by making it possible for those with power over the witness to monitor his or her testimony" (emphasis added) (quotation marks and citation omitted)); *In re Grand Jury Investigation*, No. 18-gj-8 (BAH) ("*October 2019 GJ Decision*") at 13 (D.D.C. Oct. 30, 2019) (redacted version available at https://www.dcd.uscourts.gov/sites/dcd/files/18gj008%20Redacted%20Memorandum%20Opinion.pdf) (citing cases).

To the extent petitioner advances any purported rationale at all for an unrestricted transcript copy, his argument is wildly orthogonal to the issue at hand and in any event unconvincing.  First, petitioner alleges that "the Government persistently has sought to deprive [him] of access to his grand jury transcript."  Pet'r's Mem. Supp. Mot. Unseal All Rule 60(b) Materials & Production of His Grand Jury Tr. ("Pet'r's Mem.") at 2 n.3, ECF No. 17-1.  Even if that were a fair characterization, he fails to make clear how such past deprivation is germane to petitioner's request for something new—an unrestricted transcript copy—*after* petitioner received the desired access on terms largely proposed by petitioner.  Further, the characterization is dubious.  As an initial matter, the government's supposed current attempt "to keep secret any references to his grand jury testimony in his Rule 60(b) Motion and in his Declaration," *id.* at 3 n.2, not only comes *after* the resolution of the alleged "deprivation" but also is better described as an attempt to ensure compliance with this Court's orders—an attempt which seemingly provoked petitioner's new request.  The government merely "sought and obtained a

precautionary seal on the filings . . . to permit the Government to seek clarification from this Court." Gov't's Resp. Pet'r's Mot. Clarification at 2. Given the impossibility of herding the proverbial "cat" back into the "bag" once released, this step seems eminently reasonable in light of petitioner's intended public disclosure of grand jury information without this Court's authorization and in contravention of express limits set out in the Access Order.

Petitioner also cites, as an example of this supposedly systematic "deprivation," an email thread that stalled out for fourteen months. In his now-sealed Rule 60 Motion, petitioner recounts the government's August 20, 2020 email statement that it "has received this [access] request and [was] considering it." Rule 60 Motion at 12. Despite the supposed importance of the transcript to his civil case, petitioner did not inquire further until October 19, 2021, when counsel "again renewed by email his request," stating that it was "critical that [petitioner] be granted access to this material as it relates to his consideration of filing an appeal." Id. The intervening period of over a year includes the entire lifecycle of the government's motion to dismiss, which was filed on September 15, 2020, and resolved by the presiding judge in that case on September 1, 2021. Petitioner seizes on the August 2020 email exchange as somehow reflecting a willful campaign to deprive him of access, but this is a leap too far, particularly in the absence of any attempts by petitioner to query the status of such a supposedly important request while a motion to dismiss was pending.

Petitioner advances some other substantive arguments for why he believes disclosure of some grand jury materials is warranted under the circumstances, see Pet'r's Mem. at 2-3; Pet'r's Reply at 4-8, but those arguments primarily litigate aspects of the merits of the related civil action and fail directly to address why the balancing of interests (under any standard) supports his receipt of a copy of the transcript. This is particularly true given petitioner's apparent change

in position relative to elsewhere in this docket where petitioner consistently offered limits on disclosure and restrictions on possession of the information. Indeed, assuming that petitioner has complied with the Notetaking Order, at this point the task of filing the declaration is complete and petitioner and his counsel should by now have destroyed their notes from the review, Notetaking Order at 5—a condition proposed by petitioner in bold and italic type, Notetaking Reply at 2. The abrupt about-face to petitioner's request for a transcript copy is thus a surprise without more explanation.

The government, on the other hand, supports its position that a transcript copy is inappropriate, pointing out that petitioner "and his counsel have already struggled to comply with this Court's restrictions on the use of grand jury material." Gov't's Opp'n Pet'r's Mot. Unseal & Production of Grand Jury Transcript ("Gov't's Opp'n") at 5–7, ECF No. 18. In addition, the government notes "ongoing criminal and national security matters that arose from the Special Counsel's investigation and that the Special Counsel's Office referred for investigation and prosecution." *Id.* This showing, while not especially detailed, far outweighs the dearth of any showing by petitioner of interests on the other side of the scale.

In a prior case, this Court ordered that a transcript copy be furnished to a witness, but only following considerable analysis of the relative interests of the parties, an analysis not possible from petitioner's conclusory assertions that a copy is for some reason now warranted for use in a dismissed case that is now on appeal. *See October 2019 GJ Decision* at 12–22. The petitioner in *October 2019 GJ Decision* convincingly showed "clearly pressing" interests in obtaining a transcript copy. *Id.* at 19. There, the petitioner was "being prosecuted for multiple felony offenses" and facing "a lengthy prison sentence," with the possibility of a defense hinging on a grant of immunity he had received "before he gave his grand-jury testimony in connection

8

with the Special Counsel's investigation." *Id.* Counsel for that petitioner (though not the petitioner himself), like here, had the opportunity to review the transcript at a government office and take handwritten notes, but the *900 pages* of testimony taken over four days from that petitioner presented significant logistical problems for an effective review. *Id.* That petitioner had a "concrete rather than speculative or hypothetical" need to be able to review the immunized testimony in detail, *id.* at 20. Here by contrast, petitioner's interest is *at best* "speculative or hypothetical" and in any event has been accommodated by reviewing the much shorter transcript in person on terms largely proposed by petitioner.

B.     **Disclosure**

This leaves the matter of disclosure by petitioner of specific grand jury materials included in his Rule 60(b) filing in the related civil matter. Despite this Court's clear direction that providing access to the grand jury transcript did not, without more, constitute permission to disclose materials obtained from such review in even a sealed filing, let alone a public one, petitioner proceeded to file such materials publicly in the civil matter. To be very clear, that action was not authorized. Petitioner now recognizes that such action was "based upon an improvident reading of" the Court's Notetaking Order and, implicitly, its Access Order. Pet'r's Mem. at 1. With respect to *public* disclosure of any such materials, whether through public filings in the civil matter or otherwise, petitioner has still failed to make a clearly articulated request to that effect that is not inextricably intertwined with his currently insufficient request for a copy of his transcript, given that "unrestricted" transcript disclosure means little when a transcript copy has not yet been authorized. Petitioner's general assertion that "the best disinfectant is sunlight," Pet'r's Reply at 4, is inadequate to categorically overcome the "conditions," Fed. R. Crim. P. 6(e)(3)(E), the Court has placed on petitioner's access to his

transcript "preliminarily to or in connection with a judicial proceeding," *id.* R. 6(e)(3)(E)(i).  The same fate befalls his general reminder of his prerogative to "stand on the courthouse steps and tell the public everything," Pet'r's Reply at 3 (quoting *In re Grand Jury*, 490 F.3d at 989), given that, by his own admission, the Rtskhiladze Declaration is not a recounting of his recollection of his testimony but rather is "derived from notes taken" during his review of the transcript, Rtskhiladze Decl. ¶ 3—notes that only temporarily existed because the Court allowed them to, with conditions.  Petitioner has articulated no reason for the Court to modify these conditions given that the stated objective of the transcript review has apparently been accomplished.

All that said, the Court agrees with the government that under the circumstances and given that petitioner has clearly stated that the purpose for access was to facilitate a sealed filing, authorization is appropriately granted, *nunc pro tunc*, for petitioner to disclose grand jury materials obtained through his review in *sealed filings* in the related civil matter.  *See* Gov't's Opp'n at 10.  Accordingly, such authorization is granted notwithstanding petitioner's failure to request same in advance.  The government is authorized to do the same so that it may appropriately respond to petitioner's Rule 60 Motion.

### III.   ORDER

For the foregoing reasons, it is hereby

**ORDERED** that petitioner Giorgi Rtskhiladze's Motion to Unseal All Rule 60(b) Materials and for Production of His Grand Jury Transcript, ECF No. 17, to the extent it remains pending, is **DENIED**; it is further

**ORDERED** that petitioner is **AUTHORIZED**, *nunc pro tunc*, to disclose, only in *sealed filings* in the related civil matter, *Rtskhiladze v. Mueller*, No. 20-cv-1591 (CRC), any testimony

excerpts and other information gathered from petitioner's review of his grand jury transcript; and it is further

**ORDERED** that government counsel for defendants in *Rtskhiladze v. Mueller*, No. 20-cv-1591 (CRC), is **AUTHORIZED** to disclose, only in *sealed filings* in such matter, excerpts or other information from petitioner's grand jury testimony, to the extent such disclosure is necessary to respond to petitioner's Rule 60 Motion.

**SO ORDERED.**

Date: February 16, 2022

_____
BERYL A. HOWELL
Chief Judge