IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SEALED,** | ) ) ) | |
| v. | ) ) | No. 1:21-gj-00048 (BAH) (SEALED) |
| **SEALED.** | ) ) ) | |

APPLICANT:　　Giorgi Rtskhiladze
　　　　　　　　32 Old Bethel Road
　　　　　　　　Newtown, CT 06470

RELATED CASE:　*Rtskhiladze v. Mueller, et al.*, No. 1:20-cv-1591 (CRC)

**PETITIONER'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING
UNRESTRICTED ACCESS TO PETITIONER'S GRAND JURY TRANSCRIPT**

**OR, ALTERNATIVELY,**

**FOR AN ORDER THAT THE DEPARTMNET OF JUSTICE BE
DIRECTED TO FILE THE TRANSCRIPT UNDER SEAL IN THE RELATED CASE**

　　　　Petitioner, Giorgi Rtskhiladze, respectfully requests that the Court reconsider its Order, dated February 16, 2022, denying Petitioner's Motion for unrestricted access to his grand jury testimony. Alternatively, Petitioner respectfully requests that the Court order the Department of Justice to file Petitioner's transcript under seal in the related case.

　　　　The Memorandum Opinion concludes that the burden is on Petitioner.[1] But under binding 1989 D.C. Circuit precedent, that conclusion is err. As Petitioner discussed in his Reply Brief, the D.C. Circuit held in 1989 that a grand jury witness has ***a general right to a transcript***

---

[1] Mem. Dec. at 5-7.

***absent the Government demonstrating a counterveiling interest*** that outweighs this general right:[2]

> Upon reviewing the decisional law concerning the proper standard to be applied to a witness' request for a transcript of his own grand jury testimony, we find that a ***grand jury witness has a general right to a transcript*** of such testimony ***absent the government demonstrating countervailing interests which outweigh the right to release of a transcript***."

*In re Sealed Motion*, 880 F.2d 1367, 1373 (D.C. Cir. 1989) (Emphasis added).[3]

DOJ—not Petitioner—must come forward with a convincing reason why Petitioner should not be provided with a copy of his transcript. The only reasons provided by DOJ is that there are still ongoing cases related to the Mueller Report and national security concerns. DOJ does not even explain the issues in the ongoing Mueller cases and none of them relate to the defamation in Footnote 112. As to DOJ's vague reference to national security, its concerns are not even generally stated and, therefore, are insufficient to demonstrate to the Court "countervailing interests that outweigh" Petitioner's "general right" to possession of his transcript.

Petitioner, therefore, requests that the Court reconsider its Order and DOJ be required to produce the transcript without restriction upon its use, including in the related case seeking damages under the Privacy Act. Petitioner has a compelling interest in the release of the transcript into the public domain to resurrect his reputation as an American businessman who has

---

[2] *Montgomery v. Rosen*, No. 20-cv-3261, 2021 WL 75754 (D.D.C. Jan. 8, 2021) (stating that "a per curiam opinion on behalf of the court … is binding"); *In re Grant*, 635 F.3d 1227 (D.C. Cir. 2011) (stating that "[a]lthough our circuit does not have a local rule directly on point, we agree that **unpublished** dispositions should not strictly bind panels of the court" (Emphasis added.)).

[3] In the Memorandum Opinion, dated February 16, 2022, the Court discussed *In re Grand Jury*, 490 F.3d 978 (D.C. Cir. 2007) but not the controlling precedent in *In re Sealed Motion*.

dedicated his career to increasing the ties between his native country, Georgia, and his adopted country, the United States.[4]  Petitioner, a non-target of the Mueller investigation, is an honorable American citizen who got caught up in a political crossfire and is pursuing the only remedy available to him to salvage his previously successful career.

    Alternatively, Petitioner respectfully requests that DOJ be required to promptly file the transcript in the related case under seal.  The court in the related case already has a copy of Petitioner's Declaration that addresses questions asked and answers given before the grand jury and undoubtedly the court would be better served with the complete transcript.

                                Respectfully submitted,

                                *Jerome A. Madden*
                                Jerome A. Madden
                                THE MADDEN LAW GROUP PLLC
                                1455 Pennsylvania Ave., NW, Suite 400
                                Washington, DC 20004
                                (202) 349-9836
                                JMadden@TheMaddenLawGroup.com
Dated:  February 17, 2022         District of Columbia Bar No. 272260

---

[4] The notes taken by Petitioner and undersigned counsel were destroyed as required by the Order of this Court.

## **CERTIFICATE OF SERVICE**

I, Jerome A. Madden, hereby certify that on February 17, 2022, I caused to be served using the CM ECF system a copy of the foregoing Motion upon:

Rebecca M. Kopplin
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20005

David W. Inkeles
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044

*Jerome A. Madden*
Jerome A. Madden