UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRAND JURY PROCEEDINGS, *et. al.* | Case No. 21-gj-00048-BAH |

**RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

This matter began when Mr. Rtskhiladze came to court seeking to review his grand jury transcript for the purpose of filing a declaration under seal in a civil case before Judge Cooper. The Government did not oppose Mr. Rtskhiladze's request to merely view his transcript, and it did not oppose his implied request for authorization to make a sealed filing of grand jury material before Judge Cooper. As this Court has recognized, Mr. Rtskhiladze has subsequently "received the desired access on terms largely proposed by petitioner." Mem. Op. & Order at 6, ECF No. 20. Apparently unsatisfied with that outcome, Mr. Rtskhiladze has strained at the bounds of this Court's decisions ever since—first disclosing grand jury material on the public docket before Judge Cooper, and now seeking reconsideration of this Court's order denying him a copy of his transcript or authorization to disclose grand jury material publicly (but granting him *nunc pro tunc* authorization to disclose grand jury information to Judge Cooper under seal). Pet.'s Mot. Recon. Order Denying Unrest. Access Pet.'s Grand. J. Trans. Alt. Order DOJ Dir. File Trans. Under Seal (Pet.'s Mot.), ECF No. 21.

This Court's decision was correct. Any interests of Mr. Rtskhiladze cognizable under Federal Rule of Criminal Procedure 6(e)(3)(E) for disclosure "preliminarily to or in connection with a judicial proceeding" have been satisfied by his opportunity to review his transcript and

draft a declaration. He has offered only the slightest and vaguest explanations of *why* he would have any further need to retain or disseminate grand jury information.  In contrast, the Government has longstanding institutional interests in protecting grand jury secrecy in general; in avoiding a rule of "automatic" delivery of transcripts to witnesses, which would encourage witness intimidation, Mem. Op. & Order 5-6; and in the continued secrecy of proceedings relating to Special Counsel Mueller's investigation in particular.  *See generally* Resp. Pet.'s Mot. Unseal Rule 60(b) Mats. & Prod. Copy Grand J. Trans. (Gov.'s Resp.), ECF No. 18

## ARGUMENT

I.  **Mr. Rtskhiladze Cannot Meet the Relevant Legal Standard.**

Mr. Rtskhiladze fails to even mention the relevant standard for reconsideration.  Here, since the Court's order left nothing remaining to resolve, Mr. Rtskhiladze must meet the standard for reconsideration of judgments under Federal Rule of Civil Procedure 59(e).  Motions under Rule 59(e) are "disfavored," and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief.  *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).  Rule 59(e) does not permit a party "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995)).  Here, none of these factors is satisfied.  Mr. Rtskhiladze identifies no change in the controlling law or new evidence, and indeed seeks only to improperly relitigate past disputes

and raise (unconvincing) arguments that could have been raised previously. And, for the same reasons, even if the lower standard for reconsideration of interlocutory decisions applied, Mr. Rtskhiladze would still be unable to show that "justice requires" reconsideration. *Rogers v. Mabus*, 699 F. Supp. 2d 73, 76 (D.D.C. 2010).

The Court correctly concluded that, either under the particularized need standard or under a balancing test, Mr. Rtskhiladze had not demonstrated entitlement to take a copy of his grand jury transcript, Mem. Op. & Order 5-9, or to publicize grand jury information, Mem. Op. & Order 9-10.

As to his request to take a copy, this Court recognized that this matter was not determined by *In re Grand Jury* because that case addressed only the ability of a witness to *access* testimony, not to retain it. Mem. Op. & Order 5. The Court then analyzed the interests of Mr. Rtskhiladze and the Government, and found that disclosure was not warranted and that "because petitioner has presented no clear argument—under a 'particularized need' threshold, a balancing of interests test, or any other standard—as to *why* he should receive an unrestricted copy of the grand jury transcript, granting his request would in essence recognize an automatic entitlement to a transcript copy, and permission to redisclose the same, for any grand jury witness." Mem. Op. & Order 5 (emphasis in original). The Court further noted that Mr. Rtskhiladze's initially described needs for access had been met, and that he had not explained his change in position in now seeking further access. Mem. Op. & Order 7-8.

As to Mr. Rtskhiladze's request to disclose grand jury material to the public, the Court analyzed Mr. Rtskhiladze's stated needs and found that they did not suffice to warrant a change in the conditions the Court had previously placed on the disclosure of grand jury information. Mem. Op. & Order 9-10.

**II.     Mr. Rtskhiladze's Newfound Reliance on *In Re Sealed Motion* Is Misplaced.**

Mr. Rtskhiladze's argument for reconsideration relies almost entirely on the 1989 case *In re Sealed Motion*, 880 F.2d 1367 (D.C. Cir. 1989). *See* Pet.'s Mot. 1 ("[U]nder binding 1989 D.C. Circuit precedent, that conclusion is err [sic]."). Mr. Rtskhiladze apparently only lately realized the supposed importance of this case, given that it is not even cited in his initial motion. *See generally* Pet.'s Mem. Supp. Mot. Unseal, ECF No. 17. (Nor, of course, given its vintage, does it represent a change in law since the Court's decision.) In any event, Petitioner overstates the significance of *In re Sealed Motion* for at least four reasons.

**First**, the D.C. Circuit already considered and synthesized the wisdom of *In re Sealed Motion* when it decided *In re Grand Jury*, the seminal case on access by witnesses to their grand jury testimony, eighteen years later. *See In re Grand Jury*, 490 F.3d 978, 987 (D.C. Cir. 2007) ("The Ninth Circuit and the former Special Division for the Purpose of Appointing Independent Counsels held that grand jury witnesses are entitled in certain circumstances to obtain a copy of their grand jury transcripts. *See In re Sealed Motion*, 880 F.2d at 1368, 1370-71; *Bursey*, 466 F.2d at 1080[.]"). *In re Grand Jury*, of course has been discussed extensively by the parties and by this Court.

**Second**, the standard referenced in *In re Sealed Motion* is not so different than the standard set forth in *In re Grand Jury*. *Compare In re Grand Jury*, 490 F.3d at 987 ("[W]e must weigh the competing interests of the Government and grand jury witnesses" in adjudicating a request by a witness for access to, not a copy of, his transcript), *with In re Sealed Motion*, 880 F.2d at 1370-71 ("We conclude that . . . a grand jury witness named in an independent counsel's report is entitled to a transcript of his own testimony absent a clear showing by the government that other interests outweigh the witness' right to such transcript."). Here, the Government has made such a clear showing since Mr. Rtskhiladze identifies no need for further access outside of

4

the conditions the Court has already set.

**Third**, to the extent that *In re Sealed Motion* describes a more lenient standard for access by witnesses, its holdings are cabined to its specific context—a request by a witness to an investigation conducted by an Independent Counsel appointed by a court pursuant to the Independent Counsel Act. *See In re Sealed Motion*, 880 F.2d at 1368 (noting "the *sui generis* nature of the Independent Counsel Act and its specific provisions" and criticizing a party for instead relying on the general rule relating to access to the transcripts of criminal grand juries). At many points the court's analysis in *In re Sealed Motion* was based on the unique statutory considerations and on the particular facts, including that the witness seeking access was a high government official. *See id*. at 1368-69 (noting that the Independent Counsel Act "specially 'directs' the court to protect the rights of any 'individual named' in the report" and that the legislative history of the Ethics in Government Act concurs); *id*. at 1369 ("In the instant case, fairness considerations are heightened due to interests of the highest national importance. . . . . At all times relevant hereto the named witness was serving in a high government position."). Here, of course, such analysis is not applicable because Special Counsel Mueller was appointed by the Attorney General, not a court under the Independent Counsel Act, and Mr. Rtskhiladze was not a high government official at any relevant time. And in any event, the court in *In re Sealed Motion* actually determined that the petitioner there would satisfy the particularized need standard, *id*. at 1376-79, contrary to the Court's decision regarding Mr. Rtskhiladze here.

**Fourth**, *In re Sealed Motion* did not address the distinction between access and taking a copy of a transcript. Here, Mr. Rtskhiladze initially came seeking access only, and received that access, accordingly reducing his extant interests in receiving additional grand jury material. And, as previously noted, the Government has concerns here about providing a copy subject to

5

conditions, given the past course of events, that may not have been present in *In re Sealed Motion*. *Cf.* Mem. Op. & Order 8 (noting the government's position that Mr. Rtskhiladze "and his counsel have already struggled to comply with this Court's restrictions on the use of grand jury material" (quoting Gov.'s Resp. 5-7)). As recent events have demonstrated, these concerns are not hypothetical. *Cf.* Notice of Article in the Daily Mail (UK), ECF No. 22.

**III.   Mr. Rtskhiladze Still Fails to Articulate a Cognizable Interest in Further Retaining or Disseminating Grand Jury Material, in Contrast to the Government's Interest in Grand Jury Secrecy.**

Despite receiving the benefit of this Court's clear statement that he failed to identify a sufficient interest in either receiving a copy of the grand jury transcript, *see* Mem. Op. & Order at 6 ("To the extent petitioner advances any purported rationale at all for an unrestricted transcript copy, his argument is wildly orthogonal to the issue at hand and in any event unconvincing."), or publicly disclosing the same, *see* Mem. Op. & Order at 10 ("Petitioner has articulated no reason for the Court to modify these conditions given that the stated objective of the transcript review has apparently been accomplished."), Mr. Rtskhiladze still fails to shed any light on either point. Where Mr. Rtskhiladze brings nothing to be balanced against the Government's acknowledged countervailing interests in secrecy, he cannot prevail, either under the particularized need standard or under a general balancing test.

As both Mr. Rtskhiladze, Pet.'s Mot. 2, and this Court have recognized, Mem. Op. & Order 8, the Government has important interests in grand jury secrecy; as the Government previously explained in detail, both in the specific context of issuing Mr. Rtskhiladze a copy of the transcript, Gov.'s Resp. 9-12, and in the specific context of public disclosure, Gov.'s Reps. 14-15. Multiple criminal and national security matters arising out of Special Counsel Mueller's investigation remain pending. Gov.'s Resp. 12. In particular, granting access on a *nonexistent* showing of need by a petitioner, as would be the case here, has serious implications for the

security of witnesses before future grand juries.  *See* Mem. Op. & Order 6 (referring to "the well settled rule that a witness is not entitled to a copy of his grand jury testimony on demand, even though he obviously was present in the grand jury room during the receipt of evidence, *since a rule of automatic access would expose grand jury witnesses to potential intimidation by making it possible for those with power over the witness to monitor his or her testimony*" (quoting *United States v. John Doe, Inc. I*, 481 U.S. 102, 125-26 (1987) (Brennan, J., dissenting)) (emphasis in Mem. Op. & Order)).

In contrast, the only reference to Mr. Rtskhiladze's purported interests in his motion for reconsideration is the generic statement that "Petitioner has a compelling interest in the release of the transcript into the public domain to resurrect his reputation as an American businessman who has dedicated his career to increasing the ties between his native country, Georgia, and his adopted country, the United States."  Pet.'s Mot. 2-3.  This adds nothing to Mr. Rtskhiladze's previous generic statements that this Court correctly rejected, Mem. Op. & Order 9-10 (rejecting Mr. Rtskhiladze's arguments based on the theory that "the best disinfectant is sunlight").  Nor is it clear why such a reason would qualify as a request for grand jury information "preliminarily to or in connection with a judicial proceeding" as required by Federal Rule of Criminal Procedure 6(e)(3)(E).  Nor does it explain the tension between Mr. Rtskhiladze's current request and his extensive prior statements that access to review and make a sealed filing only would suffice for his needs.  *See* Mem. Op. & Order 2-3 (quoting Mr. Rtskhiladze's past statements).  Finally, there is no reason Mr. Rtskhiladze would need to possess a transcript in order to take out an ad in the New York Times describing his national origins or otherwise "resurrect[ing]" his reputation.

**IV.     The Government Does Not Oppose Mr. Rtskhiladze's Alternative Request that Judge Cooper Be Provided with his Transcript Under Seal, Although the Government Defers to Judge Cooper on Whether Such a Filing Would Be Helpful.**

The Government does not oppose this Court authorizing the filing of Mr. Rtskhiladze's transcript under seal before Judge Cooper, Pet. Mot. 3, although the Government would defer to Judge Cooper as to whether such a filing would actually be helpful. To be clear, the Government understands this request to propose filing the transcript under seal such that *only* Judge Cooper and associated court staff could access it—in other words, Mr. Rtskhiladze or his counsel would not be able to access the sealed filing (an alternative interpretation would render this request duplicative of Mr. Rtskhiladze's request for reconsideration by enabling Mr. Rtskhiladze to obtain a copy of the transcript).

## CONCLUSION

For the previously stated reasons, Mr. Rtskhiladze's motion for reconsideration should be denied.

Dated February 24, 2022                           Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street, NW Washington, DC 20005
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
E-mail: rebecca.m.kopplin@usdoj.gov

*Counsel for the United States*